# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 22-2-16 Vtec

| ANR v Branon |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Take Depositions (Motion 1)

Filer:          Paul and Mary Branon

Attorney:       Charles D. Hickey

Filed Date:     April 29, 2016

Response in Opposition filed on 05/09/2016 by Attorney Evan P. Meenan for Petitioner Agency of Natural Resources
Reply filed on 05/12/2016 by Attorney Charles D. Hickey for Respondents Paul & Mary Branon
Sur-response in Opposition filed on May 13, 2016 by Attorney Meenan for ANR.

**The motion is GRANTED IN PART and DENIED IN PART.**

Respondents Paul and Mary Branon seek the Court's permission to depose three Agency of Natural Resources ("ANR") officials—Environmental Enforcement Officer Reginald Smith, Watershed Management Division officer Steve Hanna, and Section 401 certification officer Kevin Burke—as well as ANR staff attorney John Zaikowski, who now serves as Chief of the Agency's Compliance and Enforcement Division. For the reasons detailed below, we **GRANT** Respondents permission to depose Messrs. Smith, Hanna, and Burke, but **DENY** permission to depose Attorney Zaikowski.

ANR seeks enforcement of its December 8, 2015, Administrative Order served upon Respondents. ANR alleges that in 2012, Mr. Branon constructed a retaining wall on the property both Respondents own along the shores of Lake Memphremagog below (lakeward) of the mean water level, prior to applying for or receiving an ANR lake encroachment permit. Such permits are often referred to as 403 certifications.

It appears from the recent pleadings that there are several disputed issues that may prove material to the evidence that the Court could receive at trial, including the location of the Lake's mean water level at Respondent's property, whether Mr. Smith accurately identified that mean water level in a discussion with Respondents, whether Mr. Hanna processed Respondents' after-the-fact 403 certification application in a reasonable manner, and what contributed to the two year period of time from when Mr. Smith visited Respondents' property

and when ANR issued its Administrative Order. Respondents also raise concerns about the timing of ANR's processing of their separate but perhaps related application for a 401 certification.

Further complicating Respondent's ability to defend against ANR's Administrative Order is that in the intervening time, Mr. Branon represents that he has suffered medical conditions that will frustrate his ability to testify at trial.

Our Rules of procedure and the applicable provisions of the statutes governing environmental law enforcements provide for expedited discovery and trials concerning ANR enforcement actions. See V.R.E.C.P. 4(d)(4) and 4 V.S.A § 1004. In this case, ANR represents that it has provided all required disclosures of evidence, including a list of witnesses and a summary of their testimony and other evidence; based upon these disclosures, ANR asserts that depositions of its officers is not "necessary" and should not be allowed, per 4 V.S.A. § 1004(b)("no other discovery . . . shall be permitted except that which is necessary for a full and fair determination of the proceeding.").

ANR further asserts that Respondents will be afforded an opportunity to listen to the testimony from ANR's witnesses at trial and will be afforded an opportunity to cross examine those witnesses, thereby making their pre-trial depositions "unnecessary." We disagree. ANR appears to ignore the importance, particularly in a contested proceeding, of Respondents need and right to depose these material witnesses, to hear in their own words prior to trial of their recollections and representations as to the disputed material facts. In addition to the charges leveled by ANR against the Respondents, these witnesses are likely to provide disclosures during depositions as to facts that may be relevant to mitigating factors that Respondents have already raised, including the two-year time period that elapsed between ANR's investigation and the issuance of its Administrative Order. We find unconvincing ANR's assertion that no "delay" should be considered, since its Order is not barred by the applicable statute of limitations.

For these reasons, we conclude that Respondents' deposing of these three ANR witnesses is "necessary" and therefore **GRANT** Respondent's motion to depose those witnesses.

We are unconvinced, however, that Respondent's deposing of ANR's lead prosecutor is necessary or proper. ANR asserts certain privileges in regards to communications between Attorney Zaikowski and the ANR officers. To the extent that ANR relies upon this asserted privilege in directing its fact witnesses to refuse to respond to questions concerning the alleged delay of its prosecution, then we shall consider at trial what limitations should be placed upon ANR's witnesses, in their efforts to explain the reasonableness of the purported delay. However, we cannot condone the examination of Attorney Zaikowski in these circumstances. Respondents assert that certain discussions, including settlement discussions, were had between their attorney and Attorney Zaikowski. We cannot condone an examination, or presentation at trial, of testimony concerning failed settlement efforts.

For all these reasons, we **DENY** Respondents' request for permission to depose Attorney Zaikowski.

**So ordered.**

Electronically signed on May 16, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Evan P. Meenan (ERN 1632), Attorney for Petitioner Agency of Natural Resources
Charles D. Hickey (ERN 3831), Attorney for Respondents Paul and Mary Branon